# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------------- X

CARLOS ZACARIAS, on behalf of himself and all
others similarly situated,

                         Plaintiff,

  -against-

STG LOGISTICS, INC. a/k/a St. George Logistics, ZJR
STAFFING, LLC a/k/a ZJR STAFFING S-
CORPORATION, JOSE LUIS HUGO, an Individual
and ZULMA JANET ROSADO, an Individual,

                        Defendants.

-------------------------------------------------------------------- X

**Civ. Action No.:**

**CLASS ACTION
AND COLLECTIVE ACTION
COMPLAINT**

Plaintiff Carlos Zacarias ("Zacarias" or "plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Law Offices of Mitchell Schley, LLC, brings this class and collective action against Defendants STG Logistics, Inc. a/k/a St. George Logistics, ZJR Staffing, LLC a/k/a ZJR Staffing S-Corporation, Jose Luis Hugo, an Individual and Zulma Janet Rosado, an Individual (collectively "defendants") and alleges as follows:

## NATURE OF THE COMPLAINT

1.      Plaintiff brings this action on behalf of himself and all others similarly situated to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

2.      This case involves warehouse workers now employed at the North Bergen, New Jersey warehouse owned and operated by STG Logistics, Inc. a/k/a St. George Logistics ("STG").

3.      Plaintiff and those similarly situated are shipping container unloaders who regularly work over 40 hours per workweek but are not paid the overtime wage rate mandated by the FLSA and NJWHL.

4.      Plaintiff seeks unpaid overtime wages, liquidated damages and declaratory relief against defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NJWHL on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

6.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because the conduct alleged herein occurred in this judicial district and defendants reside in this district.

## THE PARTIES

**Plaintiff**

8.      Plaintiff is a resident of Union County, New Jersey.

9.      Plaintiff was employed by defendants as a forklift driver from in or about 2017 to February 16, 2021.

10.      At all relevant times, plaintiff has been an employee engaged in commerce or the production of goods for commerce on behalf of defendants, within the meaning of the FLSA.

11.      At all relevant times, plaintiff has been employed in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA.

12.     At all relevant times, plaintiff was an employee of STG within the meaning of the FLSA and NJWHL.

13.     At all relevant times, plaintiff was an employee of ZJR Staffing, LLC a/k/a ZJR Staffing S-Corporation within the meaning of the FLSA and NJWHL.

14.     Plaintiff regularly worked in excess of 40 hours per workweek, and was not compensated at this required overtime wage rate for all overtime hours he worked.

15.     Plaintiff has consented to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). His written consent is attached as **Exhibit A**.

**Defendants**

16.     Defendant STG is a Delaware corporation that owns and operates a warehouse located at 6801 West Side Ave., North Bergen, New Jersey 07047, in which plaintiff worked.

17.     STG now maintains a New Jersey corporate office at 4 Commerce Drive, Cranford, New Jersey 07016.

18.     According to its website, STG is the "premier provider of value-added Container Freight Services, Contract Logistics Services and Customized Transportation Services in North America."

19.     According to its website, STG "owns 32 warehouses and has 66 partner facilities that cover the entire United States."

20.      According to its website, STG "has nearly 1,000 employees nationwide."

21.     At all relevant times, STG has been an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

22.     At all relevant times, STG has had an annual gross volume of sales in excess of $500,000.

23.     In 2020 STG's gross revenue exceeded $400 million.

24.     At all relevant times, STG's employees have handled goods that have been moved in, or produced for, commerce.

25.     STG has been at all relevant times an employer engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

26.     STG has been at all relevant times an employer within the meaning of the FLSA.

27.     STG has been at all relevant times an employer within the meaning of the NJWHL.

28.     Defendants ZJR Staffing, LLC a/k/a ZJR Staffing S-Corporation ("ZJR") is a New Jersey corporation, which provides staffing for customers, also sometimes known as a labor contractor, employee leasing company, staffing agency or staffing company.

29.     ZJR now maintains an office at 127 Elmora Ave., Elizabeth, New Jersey 07202.

30.     At all relevant times, ZJR has been an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

31.     At all relevant times, ZJR has had an annual gross volume of sales in excess of $500,000.

32.     At all relevant times, ZJR's employees have handled goods that have been moved in, or produced for, commerce.

33.     ZJR has been at all relevant times an employer engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

34.     ZJR has been at all relevant times an employer within the meaning of the FLSA.

35.     ZJR has been at all relevant times an employer within the meaning of the NJWHL.

36.     Since in or about 2017, ZJR has provided employees (the "employees"), including plaintiff, to STG to unload shipping containers in STG's warehouse in Kearny, New Jersey and thereafter in North Bergen, New Jersey. STG transferred its Kearny warehouse operations to its North Bergen warehouse in 2020. The Kearny and North Bergen warehouses have been known as the St. George Warehouse. The Kearny and North Bergen warehouses are referred to herein together or individually as the "warehouse."

37.     At all relevant times, ZJR has derived the majority of its annual gross revenue from its business with STG.

38.     The North Bergen warehouse is about 615,000 square feet with 117 dock doors, 12,000 pallet locations and 100,000 pick locations.

39.     ZJR prepares the payroll and issues paychecks and cash payments to employees it assigns to work at the warehouse. ZJR issues IRS Form W-2s to the employees.

40.     The employees work on STG's premises, utilize STG's equipment and are integral to and are necessary for the operation of STG's business.

41.     The employees work at the STG warehouse typically on an exclusive, full-time, long term basis, often for years. For example, plaintiff has worked at the warehouse for some four years.

42.     At all relevant times, a) plaintiff and those similarly situated performed work which simultaneously benefitted STG and ZJR; b) STG and ZJR acted directly or indirectly as employers in the interest of each other in relation to plaintiff and those similarly situated; c) STG and ZJR shared direct or indirect control of the terms and conditions of employment, pay and compensation and labor relations policies and practices with respect to plaintiff and those similarly situated.

43.     STG either directly or indirectly hires, fires, disciplines, establishes and enforces work rules and safety rules, and controls the working conditions and overall management of the employees.

44.     STG either directly or indirectly sets productivity standards for the employees, assigns work, trains, and determines the work schedules for the employees.

45.     At all relevant times, STG and ZJR have been, joint employers of plaintiff and those similarly situated, within the meaning of the FLSA and, therefore, they are each jointly and severally liable for the violations of the FLSA.

46.     At all relevant times, STG and ZJR have been, joint employers of plaintiff and those similarly situated, within the meaning of the NJWHL and, therefore, they are each jointly and severally liable for the violations of the NJWHL.

47.     STG is a client employer with respect to ZJR within the meaning of N.J.S.A. 34:11-58.2.

48.     ZJR is a labor contractor with respect to STG within the meaning of N.J.S.A. 34:11-58.2.

49.     ZJR is a subcontractor with respect to STG within the meaning of N.J.S.A. 34:11-58.2.

50.     Hugo and Rosado are each a person acting on behalf of an employer within the meaning of N.J.S.A. 34:11-58.2.

51.     Defendants STG, ZJR, Jose Luis Hugo and Zulma Janet Rosado are subject to joint and several liability and share civil legal responsibility for the violations of the NJWHL alleged herein and their accompanying remedies, pursuant to N.J.S.A. 34:11-58.2.

52.     Defendant Jose Luis Hugo ("Hugo") is a resident of 508 Elm Street, Roselle Park, New Jersey 07204.

53.     At all relevant times, Hugo has been an owner of ZJR.

54.     Defendant Zulma Janet Rosado ("Rosado") is a resident of 508 Elm Street, Roselle Park, New Jersey 07204.

55.     At all relevant times, Rosado has been an owner of ZJR.

56.     ZJR represents the initials for Zulma Janet Rosado.

57.     At all relevant times, Hugo and Zulma have each owned 50 percent of ZJR.

58.     At all relevant times, Hugo and Rosado have been married and have lived in the same residence.

59.     At all relevant times, Hugo has had the authority to make decisions and has made decisions concerning ZJR's day-to-day operations, hiring, firing, discipline, assignment of work, labor relations policies, scheduling, pay and compensation. Hugo maintains employee payroll, employment and tax records.

60.     At all relevant times, Rosado has had the authority to make decisions and has made decisions concerning ZJR's day-to-day operations, hiring, firing, discipline, assignment of work, labor relations policies, scheduling, pay and compensation. Rosado maintains employee payroll, employment and tax records.

61.     At all relevant times, Hugo has acted directly or indirectly in the interest of ZJR in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated within the meaning of the FLSA.

62.     At all relevant times, Hugo has acted directly or indirectly in the interest of ZJR in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated within the meaning of the NJWHL.

63.     Hugo is personally, jointly and severally liable for the violations of the FLSA by ZJR.

64.     Hugo is personally, jointly and severally liable for the violations of the NJWHL by ZJR.

65.     At all relevant times, Rosado has acted directly or indirectly in the interest of ZJR in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated within the meaning of the FLSA.

66.     At all relevant times, Rosado has acted directly or indirectly in the interest of ZJR in relation to plaintiff and those similarly situated, and has been an employer and/or joint employer of the plaintiff and those similarly situated within the meaning of the NJWHL.

67.     Rosado is personally, jointly and severally liable for the violations of the FLSA by ZJR.

68.     Rosado is personally, jointly and severally liable for the violations of the NJWHL by ZJR.

## COLLECTIVE ACTION ALLEGATIONS

69.     Plaintiff brings the First Claim against defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and other similarly situated individuals, which shall include all non-exempt shipping container unloaders, including fork lift drivers and helpers, employed by defendants formerly at the St. George Logistics, Kearny, New Jersey warehouse and

thereafter at the North Bergen, New Jersey warehouse, within three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

70.     The FLSA Collective consists of over 50 similarly situated current and former shipping container unloaders who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them all overtime pay due.

71.     As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

72.     This policy, pattern, or practice includes failing to pay plaintiff and other similarly situated shipping container unloaders overtime wages at the rate of one-and-one-half times their regular hourly wage rates for all hours worked in excess of 40 in a workweek.

73.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

74.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through its records, which defendants are required to create and maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS

75.     Plaintiff brings the Second Claim as a class action, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a class that shall include all non-exempt shipping container unloaders, including forklift drivers and helpers, employed by defendants

formerly at the St. George Logistics Kearny, New Jersey and thereafter at the North Bergen, New Jersey warehouses at any time within the applicable statute of limitations under the NJWHL prior to the filing of this action through the entry of judgment in this action (the "New Jersey Rule 23 Class").

76.     The persons in the New Jersey Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to plaintiff at this time, but there are believed to be over 50 such persons.

77.     The identities of the New Jersey Rule 23 Class members are known to defendants and are contained in the employment records that defendants are required to create and maintain pursuant to the FLSA and NJWHL.

78.     Plaintiffs' claims are typical of the claims of the New Jersey Rule 23 Class because plaintiff and the New Jersey Rule 23 Class sustained damages arising out of defendants' conduct in violation of the NJWHL.

79.     The New Jersey Rule 23 Class members work, or have worked, for defendants as shipping container unloaders and were not paid all overtime wages due by defendants. They and plaintiff have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development contained in the New Jersey Administrative Code ("NJAC").

80.     Defendants employed, or still employ, the New Jersey Rule 23 Class without paying them all overtime wages due.

81.     Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

82.     Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

83.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

84.     Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

a.  whether defendants violated the NJWHL and the supporting New Jersey Department of Labor & Workplace Development regulations;

b.  whether defendant failed to pay its non-exempt shipping container unloaders all overtime wages due at a rate of one and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek in violation of the NJWHL.

85.     Defendants have acted or refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule 23 Class as a whole.

86.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and the New Jersey Rule 23 Class members to individually seek redress for the wrongful conduct alleged.  Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against defendant to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

87.     This action is properly maintainable as a class action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

88.     This action is also properly maintainable as a class action on behalf of plaintiff and other employees similarly situated pursuant to N.J.S.A. 34:11-56a25.

## FACTUAL ALLEGATIONS

89.     Plaintiff brings this action to obtain damages, as well as declaratory, and other relief, individually and on behalf of the proposed FLSA Collective and New Jersey Rule 23 Class (the "unloaders") described above against defendants who did not receive all overtime pay due as required under the FLSA and NJWHL.

90.     The unloaders which include forklift drivers and helpers are responsible for unloading shipping containers at STG's warehouse facilities. They are nominally employed by ZJR and sent to work at STG.

91.     The unloaders generally work Monday through Friday on the night shift that begins at about 5:30 PM and ends from 3:00 AM to 6:00 AM. Therefore, weekly overtime can be from a few hours to some 30 hours. Shipping containers are dropped by trucks at the warehouse dock doors and they are unloaded by forklift drivers and helpers. The forklift drivers and helpers then move the unloaded freight to designated areas in the warehouse.

92.     Throughout plaintiff's employment with defendants, he was not paid an overtime premium of 1.5 times his regular hourly rate for hours worked over 40 hours in a workweek. He and the others similarly situated were paid on an hourly basis and generally did not receive overtime pay when they worked in excess of 40 hours per week.

93.     Zacarias was paid $13.00 per hour in 2018.

94.     Zacarias was paid $13.00 per hour in 2019.

95.     Zacarias was paid $14.50, $15.00, $16.00 and $17.00 per hour at various times in 2020.

96.     Zacarias was paid $16.00 and $17.00 per hour at various times in 2021.

97.     Zacarias was generally paid for hours over 40 hours in a workweek at his regular straight time rate without the mandated overtime premium. This payment was made in cash.

98.     Rarely, from time to time, ZJR paid Zacarias overtime pay at 1.5 times his regular hourly rate. On those occasions, he received his full week's payment including overtime pay in a check unlike ZJR's standard practice by which he was not paid the overtime rate for hours worked over 40 and paid at his regular straight time rate for overtime hours in cash.

99.     Defendants recorded the start time and end time of each work day of Zacarias and those similarly situated.

100.    The daily and weekly hours of Zacarias and those similar situated can be determined defendants' records which they are required to be maintained by the FLSA and the NJWHL.

101.    Zacarias asked ZJR for proper overtime pay and was told that ZJR cannot pay the workers overtime pay because St. George does not pay ZJR to cover overtime pay.

102.    As an illustration, Zacarias worked more than 40 hours per workweek, and defendants failed to pay Zacarias overtime wages, for the weekly pay periods ending on the following dates:

   a.  October 6, 2019 and October 12, 2019;

   b.  May 4, 2020 and May 10, 2020;

   c.  December 14, 2020 and December 20, 2020 and

   d.  February 8, 2021 and February 14, 2021.

103.    STG's website states, "we provide a variety of warehousing and distribution services throughout STG Logistics business until that enable our customers to save money through

13

greater efficiency without any additional investment." STG, in part, can save customers money by being able to gain a competitive advantage by unlawfully reducing its labor costs by engaging employees to work long hours without receiving mandated federal and state overtime pay.

104.    STG knows that ZJR unloaders regularly work more than 40 hours per week in its warehouse.

105.    STG knows that the ZJR unloaders generally do not receive overtime pay for the overtime hours they work.

106.    Plaintiff and most of those similarly situated are non-bilingual, Spanish-speaking employees.

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Overtime**

107.    Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

108.    Defendants are required to pay plaintiff and the FLSA Collective one-and-one-half (1½) times their regular rates of pay for all hours that they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207 *et seq*.

109.    Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

110.    Defendants knew their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

111.    Defendants knew from the employee posters they are required to post at the work-place and the notices of wage and hour rights they are required to provide to existing and newly

hired employees pursuant to the FLSA and the NJWHL, that they are required to pay overtime wages to plaintiff and those similarly situated.

112.    Defendants failed to post the required posters and distribute the notices referred to above in paragraph 111.

113.    Defendants knew they were required to pay overtime wages to plaintiff and those similarly situated because from time to time, they did so.

114.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

115.    Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

116.    As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs.

**SECOND CLAIM**
**New Jersey Wage and Hour Law – Unpaid Overtime – New Jersey Rule 23 Class**

117.    Plaintiff and the New Jersey Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

118.    Under the NJWHL, Defendants were required to pay plaintiff and the New Jersey Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

119.    Plaintiff and the New Jersey Rule 23 Class regularly worked more than 40 hours per week.

120.    Defendants have failed to pay plaintiff and the New Jersey Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

121.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and has not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the New Jersey Rule 23 Class.

122.    Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the New Jersey Rule 23 Class members overtime wages.

123.    Due to defendants' willful violations of the NJWHL, plaintiff and the New Jersey Rule 23 Class Members are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs.

124.    Plaintiff and the New Jersey Rule 23 Class are entitled to recover liquidated damages at 200 percent of wages due for the applicable statues of limitations, pursuant to N.J.S.A. 34:11-4.10(c).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class respectfully request that this Court enter a judgment:

a.    Certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b), for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

b.    Designating plaintiff as representative of the FLSA Collective;

c.    Certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second Claim for the class of employees described herein, certifying plaintiff as the class representative, and designating plaintiff's counsel as Class counsel;

d.      Authorizing the issuance of notice at the earliest possible time to all non-exempt unloaders who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

e.      Declaring that defendants have violated the overtime provisions of the FLSA and NJWHL;

f.      Declaring that defendants' violations of the FLSA were willful;

g.      Awarding plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class damages for unpaid overtime wages;

h.      Awarding plaintiff and the FLSA Collective liquidated damages under the FLSA;

i.      Awarding plaintiff and the New Jersey Rule 23 Class liquidated damages under the NJWHL;

j.      Awarding plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class pre- and post-judgment interest as permitted by the FLSA and NJWHL;

k.      Awarding plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

l.      Awarding such other and further relief as the Court deems just and proper.

Dated: June 28, 2021

                                      By:      *s/ Mitchell Schley*
                                               Mitchell Schley
                                               Law Offices of Mitchell Schley, LLC
                                               197 Route 18, Suite 3000
                                               East Brunswick, New Jersey 08816
                                               (732) 325-0318
                                               mschley@schleylaw.com

                                               *Attorneys for Plaintiff and the*
                                               *Putative FLSA Collective and the*
                                               *New Jersey Rule 23 Class*