**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARLOS ZACARIAS, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**STG LOGISTICS, INC. a/k/a ST. GEORGE LOGISTICS, ZJR STAFFING, LLC a/k/a ZJR STAFFING S-CORPORATION, JOSE LUIS HUGO, an Individual, and ZULMA JANET ROSADO, an Individual,**<br><br>Defendants. | Civil Action<br><br>Case No. 2:21-cv-13061-SRC-ESK |

## ORDER AND JUDGMENT

The Court, having considered the parties' Stipulation and Settlement and Release Agreement ("Stipulation" or "Settlement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this Order (the "Order and Judgment") will have the same meaning as defined in the Stipulation at ECF No. 72-1.

2.      The Court has jurisdiction over the subject matter of this action, the Plaintiff, the Class Members, the FLSA Collective Members, and Defendants STG Logistics, Inc. a/k/a St. George Logistics, ZJR Staffing, LLC a/k/a ZJR Staffing S-Corporation, Jose Luis Hugo, an Individual and Zulma Janet Rosado, an Individual (collectively "Defendants").

3.      The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement,

1

including the releases and other terms, as fair, reasonable, and adequate as to the Parties and the Qualified Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

4. The Court finds that there were no written objections to the Settlement.

5. The Court finds that the procedures for notifying the Class Members and FLSA Collective Members about the Settlement, including the Class Notices and related documents, constituted the best notice practicable under the circumstances to all Class Members and FLSA Collective Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notices to the Class Members and FLSA Collective Members provided adequate, sufficient, and valid notice of the Settlement.

6. The Court finds, for settlement purposes only, that the Class and FLSA Collective satisfy the applicable standards for certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

7. The action will be dismissed on the merits and with prejudice, permanently barring the Plaintiff and all other Qualified Class Members from filing, commencing, prosecuting, or pursuing the claims Released by the Stipulation whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

8. Plaintiff Carlos Zacarias is appointed as Class Representative.

9. The Law Offices of Mitchell Schley, LLC is appointed as Class Counsel.

10. Rust Consulting, Inc. is appointed as the Settlement Administrator

11. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved as follows: Class Counsel is hereby awarded $100,000 for attorneys' fees and $3,207.00 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in the prosecution of this case.

12. The service award for the Class Representative of $5,000, is approved to compensate him for his services in initiating and assisting with this litigation.

13. The fee of $12,625 for the Settlement Administrator is approved, which Defendants must wire to Rust Consulting, Inc. within 7 days of this Order.

14. Defendants must deliver by wire within 7 days of this Order, $179,168 to the Settlement Administrator for the distribution of settlement payments to the FLSA Collective Members and Rule 23 Class Members.

15. That within 14 days of the receipt of settlement monies from Defendants the Settlement Administrator must send payments by U.S. Mail to the FLSA Collective Members and Rule 23 Class Members in accordance with the allocation set forth in the Settlement.

16. That within 7 days of the date of this Order, Defendants must deliver by wire $5,000 to the Settlement Administrator for Plaintiff's service award, which must be delivered by the Settlement Administrator within 7 days to Carlos Zacarias by U.S. Mail.

17. That Defendants must deliver by check within 7 days of the date of this Order, a total of $103,207.00 for approved attorney's fees, costs, and expenses to the Law Offices of Mitchell Schley, LLC.

18. Nothing relating to this Order, or any communications, papers, or orders related to the Stipulation, shall be cited as, construed to be, admissible as, or deemed an admission by Defendants or Releasees of any liability, culpability, negligence, or wrongdoing toward the Plaintiff, the Rule 23 Class Members, the FLSA Collective Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiff against Defendants or as to whether a class should be certified, other than for settlement purposes only.

19.     The action will be dismissed on the merits and with prejudice, and the Class Representative and Rule 23 Class Members, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Defendants in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.  The Clerk shall terminate **ECF No. 71**.

20.     The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Stipulation and this Order.

21.     The Parties are ordered to carry out the Settlement as provided in the Stipulation.

22.     By **March 14, 2024**, counsel shall submit a proposed form of order to District Judge Stanley R. Chesler to dismiss this action with prejudice, but to retain exclusive and continuing jurisdiction over the case and all parties to interpret and enforce the terms, conditions, and obligations of the Settlement.

IT IS SO ORDERED.

DATED: **March 1, 2024**

_____*/s/ Edward S. Kiel*_____
Honorable Edward S. Kiel, U.S.M.J.